UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE BLACK,

        Petitioner,

                              CASE NO. 2:08-CV-13474
v.                             HONORABLE AVERN COHN

LLOYD RAPELJE,

        Respondent.
_____/

**MEMORANDUM AND ORDER
GRANTING RESPONDENT'S MOTION FOR SUMMARY
JUDGMENT AND DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS**

**I. Introduction**

This is a habeas case under 28 U.S.C. § 2254.  Michigan prisoner Maurice Black ("Petitioner") has filed a petition for writ of habeas corpus raising claims of actual innocence and insufficient evidence, ineffective assistance of counsel, improper state court rulings, a Miranda violation, prosecutorial misconduct, and cumulative error.  Before the Court is Respondent's motion for summary judgment on the grounds that the petition is untimely.  For the reasons that follow, the motion will be granted and the petition will be dismissed for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).

**II. Facts and Procedural History**

Petitioner was convicted of felony murder following a jury trial in the Wayne County Circuit Court and was sentenced to life imprisonment without the possibility of parole in 2001.  He thereafter filed an appeal as of right with the Michigan Court of Appeals, which

1

affirmed his conviction. See People v. Black, No. 233202, 2002 WL 31105293 (Mich. Ct. App. Sept. 20, 2002) (unpublished). He also filed a delayed application for leave to appeal with the Michigan Supreme Court, which was denied. See People v. Black, 468 Mich. 892 (April 29, 2003).

On June 29, 2005, Petitioner filed a motion for relief from judgment with the state trial court, which was denied on December 12, 2005. He also filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. See People v. Black, No. 270488 (Mich. Ct. App. Nov. 28, 2006). He then attempted to seek leave to appeal with the Michigan Supreme Court, but his application was rejected as untimely.

Petitioner dated his federal habeas petition on August 6, 2008 and it was filed by the Court on August 12, 2008. Respondent has moved for summary judgment on the grounds that the petition fails to comply with the one-year statute of limitations applicable to federal habeas actions. Petitioner has responded to the motion, admitting that the petition is untimely; he asserts that the Court should consider his habeas claims because he is actually innocent.

### III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 et seq., became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

(1) A 1-year period of limitation shall apply to an application for a writ of

> habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  A habeas petition filed outside the time period prescribed by this section must be dismissed.  See Isham v. Randle, 226 F.3d 691, 694-95 (6th Cir. 2000).

Here, the Michigan Supreme Court denied Petitioner leave to appeal on direct appeal on April 29, 2003.  Petitioner then had 90 days in which to seek a writ of certiorari with the United States Supreme Court.  See Lawrence v. Florida, 549 U.S. 327, 333 (2007); S. Ct. Rule 13(1).  He did not do so.  His conviction thus became final on July 28, 2003.  Accordingly, Petitioner was required to file his federal habeas petition on or before July 28, 2004, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his state court motion for relief from judgment until June 29,

2005. Thus, the one-year limitations period had expired well before Petitioner sought state post-conviction review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. See Hargrove v. Brigano, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); Jurado v. Burt, 337 F.3d 638, 641 (6th Cir. 2003). Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations. Furthermore, the AEDPA's limitations period does not start over after the completion of state post-conviction proceedings. See Searcy v. Carter, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner does not allege that the State created an impediment to the filing of his habeas petition or that his claims are based upon newly-discovered evidence or newly-created rights which would warrant habeas relief. His habeas petition is therefore untimely under 28 U.S.C. § 2244(d).

Petitioner could escape the statute of limitations if he is entitled to equitable tolling. The Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In Dunlap v. United States, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in Andrews v. Orr, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Dunlap, 250 F.3d at 1008.

Here, Petitioner sets forth no circumstances which caused him to institute his state court collateral proceedings after the expiration of the one-year limitations period. The fact that he is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period of time does not warrant tolling. See Allen v. Yukins, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); Holloway v. Jones, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); Sperling v. White, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner has therefore not shown that he is entitled to equitable tolling.

Petitioner has, however, argued that his petition should be considered because he is actually innocent. The Sixth Circuit has also held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). See Souter v. Jones, 395 F.3d 577, 588-90 (6th Cir. 2005); see also Holloway, 166 F. Supp. 2d at 1190. As explained in Souter, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)); see also House v. Bell, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." Schlup, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal

5

insufficiency." Bousley, 523 U.S. at 623.

Petitioner has made no such showing. He merely contends that the jury was wrong to convict him based upon the evidence presented at her trial and argues that his habeas claims have merit. Such contentions do not state claims of actual innocence -- nor do they justify tolling the limitations period. Petitioner has not demonstrated that he is actually innocent or that he is entitled to equitable tolling of the one-year period.

### IV. Conclusion

For the reasons stated above, Petitioner failed to file his petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and he has not demonstrated that he is entitled to statutory or equitable tolling. Accordingly, Respondent's motion for summary judgment is GRANTED. The petition is DISMISSED.

SO ORDERED.

                                                                s/Avern Cohn  
                                                                AVERN COHN  
                                                                UNITED STATES DISTRICT JUDGE

Dated: April 16, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 16, 2009, by electronic and/or ordinary mail.

                                                                s/Julie Owens  
                                                              Case Manager, (313) 234-5160